**STATE ex GADDIS, Plaintiff v OAKWOOD (City), et, Defendants.**

Ohio Appeals, 2nd District, Montgomery County.

No. 1727. Decided November 24, 1942.

Beigel & Mahrt, Dayton, James S. Stubbs, Dayton, for relator. Matthews, Matthews & Altick, Dayton, for defendants.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on defendants' demurrer to plaintiff's petition, on the claimed ground that the facts stated do not show a cause of action.

Plaintiff's action is one praying for mandamus requiring defendants to issue to relator a building permit for the erection of a proposed four-family apartment house, etc.

The petition in substance alleges that relator is the owner of a described premises situated in the City of Oakwood and is planning to erect a four-family apartment house on said premises. It is further alleged that on the 28th day of October, 1941, he duly requested of the defendant Lawrence M. Dissinger, as Village or City Engineer, and as Commissioner of Building of said City of Oakwood, a building permit to erect and construct said four-family apartment house, and further requested a certificate of occupancy, which request the said City Engineer has refused solely for the claimed reason that to grant the same would be a violation of the zoning ordinances of said city. The petition further sets out that there is in force and effect in said City of Oakwood zoning ordinances which are referred to by date and number; that such zoning ordinances divide the said City of Oakwood into four classes or districts, to-wit: A, B and C districts and business districts, and establish the boundaries of such districts. Relator's premises is located in what is designated an A district. Under the zoning ordinances it is provided that in A districts no building or structure shall be erected which is intended or designed to be used for any other than one family dwellings. The ordinances prohibit under penalty the construction of any buildings in said city without a permit being issued therefor by the Commissioner of Building.

The petition questions the constitutionality of the zoning ordinances as they affect relator's premises and his claimed right to construct an apartment house as proposed.

It is further alleged that the premises of relator was not appropriate for single family residences, but is appropriate for a four-family apartment house and would be of substantially greater market value therefor because of the prevalent surrounding conditions. Then follows a recital of the surrounding conditions.

It is further alleged that plaintiff proposes to construct his apartment house in accordance with all the requirements of the zoning ordinances excepting as to the use (apartment house instead of single).

It is further alleged in the petition that relator is willing to fully comply with the requirements of the building code.

The determination of this question is attended with considerable difficulty. Relator argues that the said zoning ordinances in so far as they attempt to prevent the construction of the apartment house are in violation and derogation of the provisions of Section 1, Article XIV, of the amendments of the Constitution of the United States, in that relator is deprived of his property without due process of law; and is also in contravention of **Section 1, Article 1,** of the **Constitution of Ohio,** in that it deprives relator of his right and liberty to enjoy, defend and protect his property rights in said lands, and further that such ordinances are in contravention and violation of **Section 19, Article 1,** of the **Constitution of Ohio.**

Counsel for defendants urge that the petition does not set out any essential facts through which the claimed unconstitutionality of the ordinances may be raised, but, on the contrary, only allege conclusions.

Under the rules of pleading it is required that facts must be alleged and not conclusions. It frequently happens that the line of demarcation between pleading facts, evidence or conclusions is not easily determined. Such is the situation in the instant case.

There are some factual allegations in support of the claimed unconstitutionality of the ordinances as they affect relator in the instant case, but counsel for respondent urge that these are not sufficient upon which to make a determination of unconstitutionality.

It has been definitely determined by the Supreme Court of Ohio that zoning ordinances may be enacted by municipalities provided they have a reasonable relation to the public health, morals, safety and general welfare.

The leading cases bearing on the instant case are the following:

Village of Euclid, Ohio v Ambler Realty Co., 272 U. S., 365; (71 Law Edition, 303);

Pritz v Messer, 112 Oh St 628;

Youngstown v Kahn Bldg. Co., 112 Oh St 654;

State ex rel v Joseph, 139 Oh St 229.

None of these cases is directly in point but helpful in that they discuss the legal aspects of zoning ordinances.

The case nearest in point is that of **Youngstown v Kahn, supra,** except in that case the syllabus seems to attach some significance to the fact that only a part of the territory in the municipality was zoned. The part so zoned was very substantial, although

small as compared with the entire area of the City of Youngstown. In reading the opinion we are unable to conclude that the court gave major consideration to this fact, although it was mentioned.

This case involved the construction of a building containing thirty apartments, contrary to the provisions of the zoning ordinances. On page 666, Judge Allen, speaking for the court, uses this language:

"In our opinion, therefore, this particular ordinance, insofar as it undertakes to limit the use of land in this district to residences which can house one or two families only, has no relation to the public health, safety, morals, and welfare, and falls outside of the inherent police power of the municipality; and the ordinance is void and of no effect."

The syllabus reads as follows:

"A provision in an ordinance establishing a fraction only of the territory of a municipality into a district, and providing that no building which is intended to be used as a dwelling shall be erected within the district except as a single or two family dwelling, in a case where the record shows that the district is a most healthful part of the municipality in which to erect an apartment house and that the public health, morals and safety of the district and of the entire municipality will not be impaired by the erection of such an apartment house, constitutes a taking of property without due process of law and a taking of private property for public use without compensation, and is invalid."

With some reluctance we have arrived at the conclusion that we will overrule the demurrer, with the hope that on the final submission we may find further aid in arriving at a proper conclusion. In our action on the demurrer we resolve all averments of the petition in favor of the pleader   Upon issue drawn we may be required to draw different inferences from the facts and circumstances appearing.

Defendants may further plead within statutory time.

As soon as the issues are joined we suggest that parties act promptly in preparing their evidence. either under agreed statement of facts or through selection of Master Commissioner. These suggestions are made in the interest of having the case ready for submission on the merits when we open our term in Montgomery County this fall.

Entry may be prepared in accordance with this opinion.

GEIGER, PJ., BARNES and HORNBECK, JJ., concur.